UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATANAND SHARMA *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br><br>        Defendant. | Civil No. 10cv133-L(JMA)<br><br>**ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS AND DISMISSING<br>ACTION WITHOUT PREJUDICE** |

Plaintiffs filed this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 501 *et seq*. ("APA") to obtain an order directing the Federal Deposit Insurance Corporation ("FDIC") to enforce against third parties injunctions obtained in unrelated litigation. The FDIC filed a motion to dismiss, which Plaintiffs did not oppose. For the reasons which follow, the FDIC's motion is **GRANTED**.

"If an opposing party fails to file papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. Loc. R. 7.1(f)(3). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (dismissal of a *pro se* prisoner's complaint pursuant to local rule for failure to file an opposition to a motion to dismiss).

"Before dismissing the action, the district court is required to weigh several factors: (1)

the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (internal quotation marks and citations omitted). The court is mindful that "[p]ublic policy favors disposition of cases on the merits," which weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Nevertheless, dismissal is appropriate in cases where other factors support it. *See, e.g., id.* at 643; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990, 992 (9th Cir. 1999). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Furthermore, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as" Plaintiffs in this case. *See Pagtalunan*, 291 F.3d at 642. This factor therefore also favors dismissal. Next, "the risk of prejudice to the defendant is related to plaintiff's reason for defaulting in failing to timely" comply with the due dates established by local rules. *See Yourish*, 191 F.3d at 991. Plaintiffs have not taken any action in this case since filing the complaint and proof of service of summons, and they have offered no excuse for their lack of activity and the resulting delay. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. The prejudice factor, supported by unexplained and lengthy delay, also favors dismissal in this case. Less drastic sanctions short of outright dismissal - such as a formal reprimand, imposition of costs or attorney fees, or an adjudication of the motion without the benefit of plaintiffs' arguments in opposition are available. However, Plaintiffs have not presented any argument why they should receive the benefit of the lesser sanctions in light of their complete failure to prosecute this case. Accordingly, this factor is neutral at best. Based on the foregoing, FDIC's motion to dismiss is **GRANTED.** The complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Civil Local Rule 7.1(f)(3) and Federal Rule of Civil Procedure 41(b) for failure to oppose the motion.

In the alternative, the court considers the motion on the merits without the benefit of Plaintiffs' opposition. Plaintiffs allege that they borrowed money from Imperial Creditcorp, a division of Imperial Bank, and secured the loan with a deed of trust. Subsequently, National

Enterprises, Inc. ("NEI") purchased the debt from Imperial Creditcorp, a federally insured institution. Because Plaintiffs did not pay the debt when due, NEI filed a collection action in State court and obtained a judgment in 1997. NEI has attempted to collect on the judgment since then.

Plaintiffs requested the FDIC to enforce two injunctions issued in unrelated litigation to stop NEI from enforcing its judgment against Plaintiffs. In November 2000, the FDIC obtained an injunctive order against Roque de la Fuente pursuant to 12 U.S.C. Section 1818(e), removing him from the board of the First International Bank and precluding him from participating in any conduct of the affairs of any federally insured depository institutions ("Injunctive Order"). (Compl. at 6 & Ex. 3.) In the process of deciding whether to remove Mr. de la Fuente, the FDIC concluded that NEI was controlled by him for purposes of Regulation O, which places limits on loans to insiders. (*Id*. Ex. 3.) In another lawsuit, the FDIC, in its capacity as a receiver of an insolvent federal savings bank, filed a cross-claim against NEI alleging that NEI purchased an obligation owing to the failed institution by fraudulently representing that it was eligible to acquire the obligation. (*See Nat'l Enter., Inc. v. Joseph-Burnham P'ship et al.*, U.S. Dist. Ct. S.D. Cal. case no. 97cv1185-B(LAB), docket no. 23 (Cross-Claim Against Nat'l Enter., Inc.).) After a settlement conference, in 1998 the court entered an injunction permanently restraining NEI and others from engaging in business with the FDIC, including a prohibition of purchasing assets directly from the FDIC ("Stipulated Injunction"). (*Id*. docket no. 200, 201, 210 & 211; *see also* Compl. at 7-8 & Ex. 4.) Because the FDIC declined Plaintiffs' request to enforce the two injunctive orders so as to preclude NEI from enforcing its judgment against Plaintiffs, they filed the instant action pursuant to the APA.

The APA contains comprehensive provisions for judicial review of agency actions. *Heckler v. Chaney*, 470 U.S. 821, 828 (1985) citing 5 U.S.C. §§ 701-706. A person "adversely affected or aggrieved" by agency action is entitled to judicial review of the action, including failure to act, as long as the action is a "final agency action for which there is no other adequate remedy in court." *Id*. citing 5 U.S.C. §§ 702 & 704. The APA applies "except to the extent that [¶] (1) statutes preclude judicial review; or [¶] (2) agency action is committed to agency

discretion by law." 5 U.S.C. § 701(a); *Heckler*, 470 U.S. at 828. The FDIC argues that these exceptions preclude judicial review in this case.

The FDIC's decision not to enforce the Injunctive Order is not reviewable pursuant to the exception under 5 U.S.C. Section 701(a)(1). This exception "requires construction of the substantive statute involved to determine whether Congress intended to preclude judicial review of certain decisions." *Heckler*, 470 U.S. at 828. The Injunctive Order was issued pursuant to 12 U.S.C. Section 1818(e). Section 1818 contains a provision which expressly precludes judicial review of the FDIC's decision not to enforce the injunction:

> The appropriate Federal banking agency may in its discretion apply to the United States district court . . . for the enforcement of any effective and outstanding notice or order issued under this section . . ., and such courts shall have jurisdiction and power to order and require compliance herewith; *but except as otherwise provided in this section . . . no court shall have jurisdiction to affect by injunction or otherwise the . . . enforcement of any notice or order under any such section . . . .*

12 U.S.C. § 1818(i)(1) (emphasis added). Accordingly, because section 1818(i) precludes judicial review of the FDIC's decision not to enforce the Injunctive Order, review is also precluded by 5 U.S.C. Section 701(a)(1).[1]

The FDIC's decision not to enforce the Stipulated Injunction is not reviewable pursuant to 5 U.S.C. Section 701(a)(2). An agency's decision not to enforce "is a decision generally committed to an agency's absolute discretion." *Heckler*, 470 U.S. at 831. Such decisions are generally unsuitable for judicial review for many reasons:

> First, an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus, the agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing. The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities.

---

[1] Even if the APA provided for judicial review, it would be unavailing in this case. The Injunctive Order applies to Mr. de la Fuente, but Plaintiffs' debt was acquired by NEI. (*Cf.* Compl. at 6 & Ex. 3 with *id*. at 9.) Furthermore, the Injunctive order enjoins participation in conduct of the affairs of any "insured depository institution." (*Id*. at 6.) When NEI purchased the obligation, it belonged to NEI rather than an "insured depository institution."

*Id*. at 831-32. Furthermore, when review is requested of an agency's failure to act, judicial review would often lack the necessary focus:

> [W]hen an agency refuses to act it generally does not exercise its *coercive* power over an individual's liberty or property rights, and thus does not infringe upon areas that courts often are called upon to protect. Similarly, when an agency does act to enforce, that action itself provides a focus for judicial review, inasmuch as the agency must have exercised its power in some manner. The action at least can be reviewed to determine whether the agency exceeded its statutory powers.

*Id*. at 832 (emphasis in original). For these reasons, an agency's decision not to take enforcement action is presumed immune from judicial review under section 701(a)(2). *Id*. The FDIC's decision not to enforce the Stipulated Injunction as requested by Plaintiffs is therefore presumptively excluded from review under the APA.

"[T]he presumption may be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers." *Id*. at 832-33 (footnote omitted). "Congress may limit an agency's exercise of enforcement power if it wishes, either by setting substantive priorities, or by otherwise circumscribing an agency's power to discriminate among issues or cases it will pursue." *Id*. at 833. If the Congress

> has indicated an intent to circumscribe agency enforcement discretion, and has provided meaningful standards for defining the limits of that discretion, there is "law to apply" under § 701(a)(2), and courts may require that the agency follow that law; if it has not, then an agency refusal to institute proceedings is a decision "committed to agency discretion by law" within the meaning of that section.

*Id*. at 834-35. Plaintiffs have not pointed to any statute circumscribing the FDIC's enforcement discretion. To the contrary, upon review of the pertinent statutes, it appears that they do not place any limitation on the FDIC's exercise of its enforcement authority as it applies in the context of this case. *See* 12 U.S.C. § 1811 *et seq.* Because FDIC's authority to enforce the Stipulated Injunction is entirely discretionary, it is not subject to review under the APA. *See Heckler*, 470 U.S. at 837-38.[2]

---

[2] Even if judicial review were available, it would be unavailing. The Stipulated Injunction precludes NEI from certain dealings directly with the FDIC. (Compl. Ex. 4.) To the extent Plaintiffs base their claim on NEI's current debt collection activities, the activities are directed at Plaintiffs and do not directly involve the FDIC. To the extent the claim is based on

For the foregoing reasons, the FDIC's motion to dismiss is granted on the alternative ground that its decision not to enforce the injunction is excepted from review under the APA.

**IT IS SO ORDERED**.

DATED: January 3, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

NEI's purchase of the obligation, the obligation was not purchased from the FDIC directly but from an FDIC-insured institution. (Compl. at 9.) Moreover, NEI allegedly purchased the obligation in 1996 (*id.*), whereas the Stipulated Injunction was not issued until 1998 (*Id.* at 7 & Ex. 4).